**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0635-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

GREGORY BYRD,

    Defendant-Appellant.

_____

Submitted November 18, 2025 – Decided January 8, 2026

Before Judges Gilson and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 87-10-2132.

Gregory Byrd, self-represented appellant.

William Reynolds, Atlantic County Prosecutor, attorney for respondent (Courtney Cittadini, Chief Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

    Defendant Gregory Byrd appeals from an order denying his fourth motion to correct an alleged illegal sentence. His arguments are procedurally barred

because they have been rejected on prior appeals, and they lack merit. Accordingly, we affirm.

In 1988, a jury convicted defendant of first-degree murder, N.J.S.A. 2C:11-3(a)(2), first-degree attempted murder, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:11-3(a)(2), and related offenses. Those convictions were based on a robbery during which defendant shot two victims in the head, killing one of the victims and seriously injuring the other.

In January 1989, defendant was sentenced to life imprisonment with thirty years of parole ineligibility on the murder conviction. The trial court granted the State's motion to impose an extended term on the attempted murder conviction because defendant was a persistent offender. See N.J.S.A. 2C:44-3(a). Thus, on the attempted murder conviction, defendant was sentenced to a consecutive term of life imprisonment with twenty-five years of parole ineligibility. The sentencing court merged some of the other convictions and ran the sentences on the remaining convictions concurrent to the life sentences. Consequently, in total defendant was sentenced to two consecutive terms of life in prison with fifty-five years of parole ineligibility.

We affirmed defendant's convictions and sentences on direct appeal. State v. Byrd, No. A-2982-88 (App. Div. July 9, 1990), certif. denied, 122 N.J. 363 (1990). Defendant filed two petitions for post-conviction relief, both petitions

2

were denied, and we affirmed the denials on appeal.  State v. Byrd, No. A-6002-91 (App. Div. Feb. 25, 1994), certif. denied, 137 N.J. 164 (1994); State v. Byrd, No. A-0597-10 (App. Div. Mar. 13, 2012), certif. denied, 211 N.J. 608 (2012).  Thereafter, defendant filed three motions contending his sentences were illegal.  All those motions were denied, and we affirmed two of those denials on appeal.  State v. Byrd, No. A-4291-14 (App. Div. May 8, 2017); State v. Byrd, No. A-1667-19 (App. Div. Sept. 22, 2021).

In February 2024, defendant filed a fourth motion to correct an alleged illegal sentence.  On May 21, 2024, the trial court issued a letter opinion and order denying the motion.

Representing himself, defendant now appeals from the May 21, 2024 order.  He articulates his arguments as follows:

> POINT I:  DEFENDANT'S SENTENCE IS SUITABLE FOR REVIEW UNDER STATE V. TORRES, BECAUSE THE TRIAL COURT, IN OPTING TO IMPOSE MULTIPLE CONSECUTIVE SENTENCES TO EACH OTHER, FAILED TO INCLUDE AN EXPLICIT STATEMENT AS TO THE REASONS FOR IMPOSING THOSE SENTENCES, AS WELL AS FAILING TO WEIGH THE FAIRNESS OF HIS AGGREGATE SENTENCE IN TERMS OF THE REAL-TIME CONSEQUENCES[.]
>
> > (a)  Failure to Include an "Explicit Statement" as to the Reasons for Imposing Consecutive Sentences

3

Warrants a Remand to the Law Division[.]

(b)      The Evidence Used by the State, and Accepted by the Sentencing Court, to Justify the Imposition of an Extended Term as a Persistent Offender Was Flawed, Failed to Meet the Criteria Under N.J.S.[A] 2C:44-3a and N.J.S.[A] 2C:43-7a and b, and Created an Illegal Sentence for Which Relief Can and Should be Granted[.]

These arguments have already been considered and rejected on defendant's prior appeals. Accordingly, the arguments are procedurally barred. See R. 3:22-5.

Defendant's arguments also lack merit. The consecutive sentences were imposed in accordance with State v. Yarbough, 100 N.J. 627, 643-44 (1985). Defendant separately shot two victims as they lay bound and gagged on the floor. One victim died and the other one was severely injured. The murder and attempted murder were therefore separate crimes inflicted on separate, unique individuals. See State v. Torres, 246 N.J. 246, 269 (2021) (noting courts may impose consecutive sentences when a crime has resulted in death or serious bodily injury to multiple victims).

Defendant is also not entitled to resentencing under Torres. Id. at 274. Torres did not announce a new rule and is not applicable to defendant's collateral

4

challenge to sentences that were imposed thirty-two years before the decision in Torres was issued. See State v. Feal, 194 N.J. 293, 308 (2008) (explaining that when a new rule is not at issue, the court will not do a retroactivity analysis but will apply the law as it has always been); State v. A.M., 252 N.J. 432, 459 (2023) (explaining that the Court's purpose in Torres was to emphasize the importance of 'overall fairness' in guiding the Yarbough analysis). Defendant is also not entitled to resentencing based on the extended term imposed on his conviction for attempted murder. In his prior appeals and petitions, defendant challenged his extended terms, but we rejected those arguments. Thus, he cannot raise those arguments again. R. 3:22-5.

Moreover, the record establishes that defendant had two prior convictions, and he was sentenced in accordance with the persistent offender statute. See N.J.S.A. 2C:44-3(a). To the extent that defendant seeks to argue that a jury should have made the determinations concerning his prior convictions, see Erlinger v. United States, 602 U.S. 821 (2024), we reject that argument because Erlinger does not apply retroactively to a collateral challenge. See State v. Carlton, 480 N.J. Super. 311, 326-27 (App. Div. 2024).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0635-24